IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Rick Garcia,

        Plaintiff

vs.                              Case No.

Real Time Resolutions, Inc.,

        Defendant

## COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1. This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

### PARTIES

4. Plaintiff Rick Garcia ("Plaintiff") is a natural person who at all relevant times resided in the State of New Mexico, County of Bernalillo, and City of Albuquerque.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6. Defendant Real Time Resolutions, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt.

9. Plaintiff's obligation, or alleged obligation, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal loan from Check 'n Go, account no. 21571078 (the "Debt").

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

11. On February 11, 2014, Plaintiff's counsel sent Check 'n Go a letter of representation indicating that Plaintiff was represented with respect to the Debt.

12. A true and accurate copy of the February 11, 2014 letter is attached to this complaint as Exhibit A.

13. Upon information and belief, Check 'n Go informed Defendant of the correspondence and/or of Plaintiff's representation by counsel.

14. Upon information and belief, on or before September 11, 2015, Defendant received actual knowledge of Plaintiff's representation.

15. Upon information and belief, Defendant knew or should have known that Plaintiff is represented with respect to the Debt.

16. On September 11, 2015, Defendant sent Plaintiff a letter in connection with the collection of the Debt.

17. A true and accurate copy of the September 11, 2015 letter is attached to this complaint as Exhibit B.

18. Defendant sent the September 11, 2015 letter directly to Plaintiff.

19. Defendant did not have the prior express consent of Plaintiff or Plaintiff's counsel to communicate directly with Plaintiff.

20. Upon information and belief, Defendant did not have the express permission of a court of competent jurisdiction to communicate directly with Plaintiff.

21. Upon information and belief, Plaintiff's counsel did not fail to respond to any communications from Defendant within a reasonable amount of time.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(a)(2)

22. Plaintiff repeats and re-alleges each and every factual allegation above.

23. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff directly in connection with the collection of the Debt when Defendant knew or should have known that Plaintiff was represented by counsel with respect to the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

24. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: February 9, 2016

                                         Respectfully Submitted,

                                         s/Anita M. Kelley
                                         Anita M. Kelley
                                         Law Office of Anita M. Kelley

       1121 Fourth Street NW, Suite 1-A
       Albuquerque, NM 87102
       (505) 750-0265
       akelley@consumerlawinfo.com
       Attorney for Plaintiff

*Co-counsel with Thompson Consumer Law Group, PLLC*

    Correspondence address:
    Thompson Consumer Law Group, PLLC
    5235 E. Southern Ave., D106-618
    Mesa, AZ 85206